## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JAQUIS REED**                                                                 **PETITIONER**

**v.**                                                     **CIVIL NO. 3:26-cv-187-HTW-LGI**

**SHERIFF WARD CALHOUN**                                                **RESPONDENT**

### REPORT AND RECOMMENDATION

This case is before the Court sua sponte for consideration of dismissal. Having considered the record and the applicable law, the undersigned recommends that this civil action be dismissed, without prejudice, for Petitioner's failure to prosecute and obey Orders of the Court.

### I. BACKGROUND

Pro se Petitioner Jaquis Reed ("Petitioner") filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his pretrial detention at the Lauderdale County Detention Center in Meridian, Mississippi. On the same day Petitioner filed this civil action, the Clerk of Court sent Petitioner a Notice of Assignment [1-2] informing Petitioner of his obligation to notify the Court of any changes to his address and explaining in detail how to do so. The Notice [1-2] warned Petitioner that a failure to comply with any Order of the Court or a failure to notify the Court of a change of address may result in the dismissal of this case.

Petitioner failed to pay the filing fee or file a Motion for Leave to Proceed *In Forma Pauperis*. Therefore, on March 23, 2026, the undersigned entered an Order [3] directing Petitioner, on or before April 22, 2026, to pay the filing fee or move for

leave to proceed *in forma pauperis* ("IFP"). The copy of the Order [3] mailed to Petitioner contained a blank IFP application. The Order warned Petitioner that his failure to advise the Court of any changes to his address or his failure to comply with any order of this Court would result in the dismissal of this case.

When Petitioner failed to comply or otherwise contact the Court, the undersigned entered an Order to Show Cause [4]. The Show Cause Order required Petitioner, on or before May 18, 2026, (1) to file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's March 23, 2026 Order; and (2) to comply with the prior Order by either paying the $5.00 filing fee or filing a completed and signed IFP application. Order to Show Cause [4] at 1. The Show Cause Order [4] warned Petitioner that his failure to advise the Court of a change of address or his failure to fully comply with this Order on time would result in the dismissal of this case, without further notice. *Id*. at 1–2.

When Petitioner failed to respond, the undersigned entered a Final Order to Show Cause [5] requiring Petitioner to comply by June 11, 2026. The Final Order to Show Cause also warned Petitioner that his failure to advise the Court of a change of address or his failure to timely comply with this Order will result in the dismissal of this case. Final Order to Show Cause [5] at 2.

On May 29, 2026, the postal service returned the envelope containing the Order to Show Cause [4] as undeliverable. Ret. Mail [6]. To date, Petitioner has not paid the filing fee or moved for leave to proceed IFP, he has not responded to three Court Orders, nor has he contacted the Court about this case.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute or to obey a court order under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to dismiss the action sua sponte.  *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders.").  This authority extends to habeas corpus petitions and includes dismissal for an inmate's failure to pay the filing fee.  *See Davis v. Gordon*, 75 F. App'x 261 (5th Cir. 2003) (affirming sua sponte dismissal of pro se habeas petition for failure to pay the filing fee); *Martinez v. Johnson*, 104 F.3d 769, 772–73 (5th Cir. 1997) (affirming dismissal of pro se habeas petition for failure to prosecute under Fed. R. Civ. P. 41(b), noting "where there are procedural gaps in the habeas rules, the district courts have broad discretion to apply the Federal Rules of Civil Procedure").

The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630–31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629–30.

Petitioner has taken no action since filing this case on March 20, and it appears he has failed to inform the Court of his current address.  Petitioner has

failed to comply with three court orders.  The Court warned Petitioner four times that his failure to comply with a court order could result in the dismissal of this case.  *See* Final Order to Show Cause [5]; Order to Show Cause [4]; Order [3]; Not. of Assign. [1-2].

The Court has employed lesser sanctions than dismissal in the form of numerous warnings that Petitioner's failure to comply with a court order would result in the dismissal of this case.  *See Bohannan v. Redic*, No. 20-40860, 2023 WL 2346335, at *1 (5th Cir. Mar. 3, 2023) (finding district court's two explicit warnings to pro se prisoner that noncompliance may result in dismissal was adequate use of lesser sanctions for a failure to prosecute dismissal).  The Court's repeated warnings did not "prompt diligent prosecution," instead such efforts "proved to be futile." *Vafaiyan v. Target Inc.*, 251 F. App'x 862, 863 (5th Cir. 2007) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).  There is also nothing in the record to suggest that further warnings will be effective.  It is apparent that Petitioner no longer wishes to pursue this habeas corpus petition.  Dismissal without prejudice for Petitioner's failure to prosecute and obey Orders of the Court is warranted.

### III.  RECOMMENDATION

For these reasons, the undersigned recommends that:

(1) a separate Final Judgment issue dismissing this case without prejudice;

(2) a certificate of appealability should not issue under 28 U.S.C. § 2253 because Petitioner fails to show "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Respectfully submitted, this, the 2nd day of June, 2026.

s/ *LaKeysha Greer Isaac*

UNITED STATES MAGISTRATE JUDGE

5